UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. 4:12-mc-46

GARY DONALD CARROLL,

                Plaintiff,

v.

THESTREET.COM, INC., a Delaware Corporation; MELISSA ANN DAVIS; THIRD POINT LLC, a Delaware limited liability company; THIRD POINT ADVISORS L.L.C., a Delaware limited liability company, and JAMES L. CARRUTHERS, JR.,

                Defendants.

## MOTION TO QUASH SUBPOENA

Non-party Eric Walter Camil, Sr. hereby moves under Fed. R. Civ. P. 45(c) for an order quashing a July 25, 2012 subpoena issued out of the Northern District of Florida, served upon him, as President of Camil Consulting Corp., by Plaintiff in this action.[1]

### INTRODUCTION

On July 25, 2012, Plaintiff served a subpoena for production of documents (the "Subpoena") on Mr. Camil, a private investigator. (A copy of the Subpoena is attached as Exhibit 1.) The subpoena seeks "all documents gathered, generated, transmitted

---

[1] This motion was initially filed in the Southern District of Florida (SDFL 11-81173-Civ-Ryskamp/Hopkins), given that the Subpoena called for Mr. Camil to produce documents in that district. The United States District Court for the Southern District of Florida denied the motion on the grounds that the Subpoena was issued out of the Northern District of Florida.

and/or received from January 1, 2006 to the present, in connection with the research, investigations and work performed for" Third Point LLC, Third Point Advisors L.L.C. and James L. Carruthers, Jr. (collectively, the "Third Point Defendants") that "pertains to", among other things, "any investigations of the Palm Beach Lakes Surgery Center or Gary D. Carroll."

The Subpoena thus seeks the entirety of the files of an investigation performed by a private investigator retained by the Third Point Defendants.  In addition, counsel for Plaintiff has, in correspondence with counsel for the Third Point Defendants, stated that Plaintiff intends to seek Mr. Camil's deposition.  Both the Subpoena and any subsequent subpoena for deposition testimony should be quashed because they violate the private-investigator privilege conferred by Fla. Stat. § 493.6119(1).  *See Masse v. Masse*, No. 95-2362-CA-01 (12th Jud. Cir., Sarasota, Sept. 18, 1995) (Fla. Stat. § 493.6119 "does grant a valid privilege and a subpoena is insufficient to override the privilege provided"). (A copy of the opinion is attached as Exhibit 2).[2]

## ARGUMENT

### I.     FLORIDA STATUTORY LAW GOVERNS THIS ISSUE.

Florida Statute section 493.6119(1) which provides a confidentiality privilege governs here.  In diversity cases, federal courts apply the forum state's law on privileges, such as the attorney-client privilege or the joint-defense privilege.  *See Developers Surety & Indemnity Co. v. Harding Village, Ltd.,* 2007 WL 2021939 (S.D.Fla. July 11, 2007), at

---

[2]     This motion should also be granted because the Subpoena fails to comply with Rule 45(a)(2)(C) because it was not issued from the Court for the district where production is to be made.

*1; *Infinite Energy Inc. v. Econnergy Energy Co.*, 2008 WL 2856719 (N.D.Fla. July 23, 2008), at *1.  Because Florida state law is clear on this subject of Investigative Confidentiality Privilege, that state law must be applied here.

    II.    **PLAINTIFF'S DEMANDS FOR DOCUMENTS AND TESTIMONY FROM MR. CAMIL ARE BARRED BY FLORIDA'S STATUTORY PRIVATE-INVESTIGATOR PRIVILEGE.**

        A.    **Florida Statute § 493.6119(1) Confers A Privilege On Clients Who Retain Private Investigators.**

Florida, like several other states, has legislatively conferred a privilege vis a vis private investigators and their clients.  Chapter 493 of Title XXXII of the Florida Statutes governs the regulation of professions and occupations, including private investigators.  Such investigators are licensed and regulated by the Division of Licensing within Florida's Department of Agriculture and Consumer Services ("the Department").  Section 493.6119(1) provides that, "[e]xcept as otherwise provided by this chapter or other law, no licensee, or any employee of a licensee or licensed agency shall divulge or release to anyone other than her or his client or employer the contents of an investigative file acquired in the course of licensed investigative activity."  Information may be disclosed by the private investigator only upon "the prior written consent of the client."  *Id.*

Divulging client or investigative information without the client's consent subjects a private investigator to both disciplinary action from the Department's Division of Licensing and criminal liability.  Florida law enumerates, as one of several "grounds for disciplinary action," an investigator's "willful betrayal of a professional secret or *any unauthorized release of information acquired as a result of activities regulated under this*

3

*chapter.*" § 493.6118(1)(e) (emphasis added).  Available penalties include fines and revocation of the investigator's license.  § 493.6118(2)(c), (e).  Furthermore, any investigator who "violates any provision of this chapter," including the confidentiality rule set forth in § 493.6119, "commits a misdemeanor of the first degree," punishable by up to a year in jail and a $1,000 fine.  *See* Fla. Stat. §§ 493.6120(1) 775.082(4)(a), 775.083(1)(d).[3]

### B.  The Only Exception In The Statute For Subpoenas And Judicial Orders Is Inapplicable Here.

The statutory privilege established by § 493.6119(1) is subject to only three enumerated exceptions.  First, as with most legal privileges, the party protected by the privilege—here, the Third Point Defendants who hired Mr. Camil—may consent to the disclosure.  *See* § 493.6119(1).  The Third Point Defendants have not consented to the disclosure of information by Mr. Camil so this exception is inapplicable.

Second, the investigator may disclose confidential information in his own defense if the client has accused the investigator of violating Florida's laws regulating private

---

[3]  Regulations issued by the Division of Licensing provide guidelines for disciplinary sanctions, and set the penalties for "unauthorized release of confidential information" at a fine of up to $750 and a suspension of the investigator's license for one month.  *See* Division of Licensing Rules § 5N-1.113(2)(g).  The same regulation expressly preserves the possibility of criminal liability for breaching confidentiality, as set forth in Fla. Stat. § 493.6120(1), with penalties including revocation of the investigator's license.  *See* § 5N-1.113(2)(f).  Moreover, the rules allow the Division to depart upward from these guidelines and impose more severe punishment in a variety of aggravating circumstances, including consideration of the "amount of damage" the rule violation inflicted upon the client and the violator's prior knowledge of the responsibilities imposed on investigators by Chapter 493.  *See* § 5N-1.113(5)(g), (k).  The guidelines "are not intended and shall not be construed to limit … criminal action when appropriate." *Id.* at § 5N-1.113(7).

investigators. *Id.* No such claim has been made by the Third Point Defendants against Mr. Camil; therefore, this exception is likewise inapplicable.

Third, an investigator may divulge information if the Division of Licensing itself requests it in the course of "an official investigation, inspection, or inquiry pursuant to the regulatory duty and investigatory authority of this chapter." § 493.6119(2). No such investigation is being made of Mr. Camil here. Moreover, even under this exception, the investigator may divulge information *only* pursuant to the client's permission, *see* § 493.6119(3)(b), or "pursuant to a subpoena issued by the department," § 493.6119(3)(d).

These are the *only* exceptions to the private investigator privilege specified in Chapter 493 of the Florida Statues. Although an investigator may, in some circumstances, have to comply with a subpoena issued by *the Department* as part of its regulatory duties, there is no duty to comply with a subpoena issued by a private litigant like Plaintiff here. Elsewhere, Chapter 493 confirms that *only* the Department itself has the power to breach the statutory privilege, and the particular process for doing so is specified. Section 493.6121(1)-(3) confirms the Department's powers of regulatory oversight, to investigate possible violations of its rules, and to inspect the operations of the investigators whom it licenses. "In the exercise of its enforcement responsibility and in the conduct of any investigation authorized by this chapter, *the department* shall have the power to subpoena and bring before it any person in the state, require the production of any papers it deems necessary, administer oaths, and take depositions of any persons so subpoenaed." § 493.6121(4) (emphasis added). If a private investigator "refuses access to agency records in accordance with § 493.6119, the circuit court of Leon County

5

or of the county wherein such person resides may issue an order *on the application of the Department* requiring such person to comply with the subpoena and to testify." Id. (emphasis added).

Chapter 493 of the Florida Statues sets forth no other circumstances for piercing the private investigator's privilege beyond the three exceptions described above. "Under the canon of statutory construction . . . the mention of one thing implies the exclusion of another." *State v. Hearns*, 961 So.2d 211, 219 (Fla. 2007). *See also State v. Wooden*, 2012 WL 2849648 (Fla.App. 3 Dist. July 11, 2012), at *1 (same). Thus, to paraphrase the Florida Supreme Court in *Hearns*, "[h]ad the Legislature intended to include all types of" subpoenas, "it would have listed simply" subpoenas "rather than only the specific types enumerated." 961 So.2d at 219. The "absence from the list of enumerated" exceptions, *id.* at 219, of subpoenas served by anyone other than the Licensing Division confirms that the Legislature meant to limit the occasions on which the privilege could be pierced.

"When a law expressly describes a particular situation where something should apply . . . an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded." *City of Miami v. Valdez*, 847 So.2d. 1005, 1008 (Fla. 3d DCA 2003). Here, §§ 423.6119 and 423.6121 "expressly describe[] a particular situation where" the privilege may be breached by subpoenas and court orders—when the Licensing Division itself undertakes an investigation—hence "an inference must be drawn that what is not included by [these] specific reference[s] was intended to be omitted or excluded." *Id.* Therefore, a private investigator cannot be forced to reveal a

6

client's confidences or the contents of his investigative file by the service of document or deposition subpoenas in ordinary civil litigation, such as that at issue here.

### C. The Since-Repealed Statute That Was The Predecessor To § 493.1669 Confirms That There Is No Exception In The Current Law For Civil Litigation Discovery.

The statutory predecessor to § 493.6119 was § 493.32, which was repealed by Laws 1990, c. 90-364, § 10, effective October 1, 1990.  Old § 493.32 likewise created a confidential relationship between a client and his or her private investigator, and likewise provided that any information acquired in the investigation could not be divulged by the investigator absent "the prior written consent of the client."  *Id.*  But the original investigator privilege was expressly made subject to the needs of both civil and criminal litigation: the statute previously stated that "the provisions of this section *will not apply to the taking of testimony or the receiving of evidence in any judicial proceeding*." § 493.32 (emphasis added).  When the privilege statute was rewritten in 1990, that language was dropped and replaced by the much narrower exception allowing piercing of the privilege to obtain documents or testimony *only* on the occasion of an investigation by the Division of Licensing itself, and *only* then pursuant to a Division subpoena.  *See* §§ 493.6119(2) & (3)(d), 493.6121(4).  This confirms that Plaintiff's effort to obtain documents and testimony from Mr. Camil runs afoul of the current statute and that the Subpoena should be quashed.

### D. Legal Guidance From The Licensing Division Itself Confirms That The Privilege in § 493.6119 Blocks Subpoenas To, And Depositions Of, Private Investigators.

The Department's Division of Licensing issues legal opinions about the meaning and scope of the statutes administered by the Division for the guidance of investigators such as Mr. Camil. Legal Opinion 97-10 (attached as Exhibit 3), addressed an investigator's query whether the confidential privilege enacted by § 493.6119 would permit the investigator to respond to a subpoena or deposition. Legal Opinion 97-10 explained that, "If you do not have the client's consent, … you are precluded from testifying because of the confidentiality requirement in Section 493.6119(1)." The Opinion went on to detail a then-recent judicial decision confirming this reading of the law:

> Recently, a Florida circuit court judge equated the prohibition of releasing confidential information in Section 493.6119 to a "privilege," like the attorney-client privilege. The judge ruled that "a subpoena is insufficient to override the privilege provided in Florida Statute 493.6119" and refused to order the private investigator to reveal the results of his investigation via testimony or production of documents because of the "privilege" contained in Section 493.6119, Florida Statutes. In that case, the wife's attorney had moved for an emergency hearing to enforce a subpoena duces tecum served on the husband's private investigator requiring the private investigator to appear at a deposition and to bring with him records, tapes, and photos of surveillance done on the wife's activities. The private investigator also brought out at the hearing that it would be a misdemeanor under Section 493.6120, Florida Statutes, for him to reveal confidential information.
>
> In order to protect your client's confidentiality, and to protect yourself from disciplinary action by the division, when you receive a subpoena you should file a motion with the court to quash the subpoena based on the confidentiality requirement contained in Section 493.6119.

Legal Opinion 97-10.[4]

The court order referred to in the Licensing Division's Legal Opinion was entered in the case of *Masse v. Masse*, No. 95-2362-CA-01 (12th Jud. Cir., Sarasota, Sept. 18, 1995), by Judge Robert McDonald. (See Exhibit 2). The court ruled that that Fla. Stat. § 493.6119 "does grant a valid privilege and a subpoena is insufficient to override the privilege provided" in the statute. *Id.* Accordingly, the court held that "Mr. Chambers does not have to reveal the results of his investigation via testimony or the production of documents, because of the privilege provided in said statute." *Id.*[5]

### E. Opinions of The Florida Commission On Ethics Confirm That § 493.6119 Confers A Private-Investigator Privilege.

The Florida Commission on Ethics has issued many rulings on conflicts of interest that are based on the sanctity of the statutory private investigator's privilege set forth in § 493.6119(1), and its power to override even such fundamental duties as a policeman's obligation to report crimes. In Commission on Ethics Opinion ("CEO") 08-16 (dated July 30, 2008, and attached as Exhibit 4), the Commission ruled that there would be a

---

[4] The Licensing Division advised that, in the event a judge did not find the privilege applicable in a particular case and ordered an investigator to testify or produce documents, the Division would not pursue disciplinary action against the investigator. Legal Opinion 97-10.

[5] The private-investigator privilege was also invoked in *Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, 2007 WL 842989 (M.D.Fla. March 19, 2007), but the court had no occasion to decide the question because it held that the information sought was protected by the attorney work-product doctrine. *Id.* at *7. The court did, however, confirm that § 493.6119(1) cloaks the client-investigator relationship in a confidential privilege unless waived by the client, and the party attempting to breach the privilege in that case did not contest its existence, but instead argued only that the privilege had either been waived or did not apply to the information in question. *Id.*

conflict of interest in a police officer operating a side business in repossessing vehicles and other collateral as security for lenders unless all of "the business's clients waiv[ed] confidentiality under § 493.6119."  The officer seeking the ruling advised the Commission that "all of [his] clients would provide a waiver to [his] business allowing release of information from a private 'investigative file' under § 493.6119."  CEO 08-16 at n.3.  The Commission explained that obtaining such a waiver was "necessary to your business endeavor not being conflicting under § 112.313(7)(a)," the statute that requires police officers to report all potentially criminal activity to the prosecutor and to their police superiors.  *Id.* at n.10.  "Without such a waiver, an impermissible tension would exist between your duty as a law enforcement officer to report possible criminal activity whenever and wherever encountered, even if encountered in your private business capacity, and your duty under § 493.6119 to keep certain information confidential."  *Id.*

Thus, the Florida Ethics Commission concluded that the statutory private-investigator privilege shielded even knowledge of actual criminal activity and overrode even a police officer's statutory duty to provide information to the prosecutor and the police; hence, the need for universal client waivers if an officer is to operate a private-investigator service on the side.  *See also* CEO 96-16 (Aug. 29, 1996) ("we have recognized that a conflict could be created under § 112.313(7)(a) because of the possible tension between a police officer's duty to make known to law enforcement/prosecutorial authorities information gained in his private work which relates to possible criminal activity . . . and his duty as a licensed private investigator under § 493.6119(1), Florida Statutes, not to release to anyone, absent a waiver from his client or employer, the

10

contents of an investigative file acquired in the course of licensed investigative activity."). (Exhibit 5).

The very same supervening investigator privilege was recognized by the Florida Ethics Commission in its opinions discussing the statutory predecessor to § 493.6119(1). *See, e.g.,* CEO 84-111 (Nov. 29, 1984) (statutory privilege would present irreconcilable conflict of interest for police officer wishing to operate investigator service and conduct polygraph examinations as a side business unless "prior written waiver of confidentiality is obtained from clients in accord with [predecessor statute] § 493.32"); CEO 82-6 (Jan. 25, 1982) (same); CEO 82-36 (May 20, 1982) (same); CEO 80-73 (Oct. 30, 1980)(same); CEO 78-82 (Nov. 15, 1978) (ruling that police officer could not operate a private investigative service on the side because "[t]his provision would require any person who manages a security business to keep confidential any information received during the course of his business, unless written consent to divulge information is obtained from the client. In our opinion, full compliance with this provision, which carries a criminal penalty, is inconsistent with the proper performance of a police officer's sworn duties to uphold the law.").

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order quashing the Subpoena and barring Plaintiff from taking any testimony from Mr. Camil.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(B), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

*/s/ David C. Hawkins*
Florida Bar No. 655279
DAVID C. HAWKINS, PLLC
3141 Brockton Way
Tallahassee, FL 32308
Telephone: (850) 422-1475
dhawkinslaw@comcast.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 13, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: */s/ David C. Hawkins*
DAVID C. HAWKINS

## SERVICE LIST

Steven J. Rothman, Esquire
Jones, Foster, Johnston & Stubbs, P.A
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 805-5500
Facsimile: (561) 805-5510
srothman@jones-foster.com

*Attorneys for Plaintiff*


Stephen H. Johnson, Esquire
Lydecker Diaz
1221 Brickell Avenue, 19th Floor Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190
shj@lydeckerlaw.com

*Attorneys for Defendants TheStreet.com, Inc. and Melissa Ann Davis*


                                              *By: David C. Hawkins*